Hillsborough, }
Dec. 6, 1938. }

STATE *v.* PHILIP DICKSTEIN.

*Karl E. Dowd,* by brief, for the State.

*Philip Dickstein, pro se,* filed no brief.

*Per Curiam.* In the absence of brief and oral argument in behalf of the defendant it is not clear what his grounds of defence are, but his contention is understood to be that the regulation is unreasonable as matter of law in application to the charge against him.

Although he had an inspection made by an official inspector of the municipality where the meat from the animals slaughtered by him was to be sold, it is not unreasonable that inspection by the local inspector might nevertheless be required in all cases of slaughtering, regardless of the place where disposal of the product may be made. It is evident that without the safeguard of local inspection in all cases, a requirement of it only for cases of local disposal of the product would create difficulties of enforcement in local cases. The inquiry into the destination of the product of a given instance of slaughtering might often prove uncertain and futile in outcome.

The right to establish incidental regulation in aid of an admittedly proper subject of the police power is well settled. If the regulation may be found to be of reasonable service towards accomplishing the object sought to be attained, it is valid, and covers all cases where its application may thus be of service. *State* v. *Campbell*, 64 N. H. 402; *State* v. *Marshall*, 64 N. H. 549, 552; *State* v. *Normand*, 76 N. H. 541; *Carter* v. *Craig*, 77 N. H. 200; *Sundeen* v. *Rogers*, 83 N. H. 253, 257; *Dederick* v. *Smith*, 88 N. H. 63, 67, 68.

The question is answered affirmatively.

*Case discharged.*

BRANCH, J., was absent.